SUMMERS *et al.*, *Appellants*, v. AKERS *et al.*

**Fraudulent Conveyance.** The decree of the lower court refusing to set aside a conveyance of land as being in fraud of creditors, affirmed.

*Appeal from Ray Circuit Court.*—HON. G. W. DUNN, Judge.

AFFIRMED.

*Adam J. Barr* and *J. E. Black* for appellants.

(1) The deed from Jasper N. Akers, one of defendants, to Hugh Akers will not be sustained to secure the payment of debt due said Hugh Akers from said Jasper N. Akers, for the sum of three hundred dollars, because said Hugh Akers was amply secured by a deed of trust upon the homestead of said Jasper N. Akers, which was afterwards sold for the sum of eight hundred dollars and said debt paid and lien released. *Murray v. Cason,* 15 Mo. 378; *Johnson v. Sullivan,* 23 Mo. 474; *Henderson v. Henderson,* 55 Mo. 534; *Boyd v. Jones,* 60 Mo. 454; *Ames v. Gilmore,* 59 Mo. 537. (2) The deed from Jasper N. Akers to Hugh Akers should be set aside because made in fraud of creditors. The creditor first proceeding to subject the property to sale for his debt is entitled to be first satisfied out of the proceeds of the sale. *George v. Williamson,* 29 Mo. 190. (3) If the effect of the deed is to hinder, delay or defraud creditors it should be set aside, although it was not so intended. *Potter v. Mc-Dowell,* 31 Mo. 62. (4) The intention on the part of Hugh Akers to convey the property in controversy to the children of Jasper N. Akers, would not cure the fraud, as it would be the act of Jasper N. Akers, and the law requires him to be just before he is generous. *Gamble v. Johnson,* 9 Mo. 605. (5) If Hugh Akers accepted the deed

in controversy and the same was made in fraud of creditors for the purpose of assisting his co-defendant, Jasper N. Akers, in his fraudulent acts, although he paid full value for the property in controversy, he is a partaker in the fraud and the conveyance should be held null and void. *Potter v. Stevens*, 40 Mo. 229. (6) A deed, although for a full and sufficient consideration, if it has secret contradictory conditions preserved in a private contract, is void if for the purpose of hindering, delaying or defrauding creditors, and they raise the conclusive presumption that such was the intention unless rebutted by the clearest evidence and strongest proof—and the deed and private contract in this case is unquestionably subject to this presumption of fraud. *Sibley v. Hood*, 3 Mo. 290 ; *Irwin v. Wells*, 1 Mo. 9.

*Shotwell & Ball* for respondents.

(1) Plaintiffs being privies in estate with Jasper N. Akers, were estopped from proving fraud in the conveyance from J. N. Akers to Hugh Akers ; and if there was any fraud in the transaction, J. N. Akers, being the guilty party, should not have been permitted to have testified as to the fact. *Baily v. Trustees*, 12 Mo. 174 ; *Clamorgan v. Green*, 32 Mo. 285 ; *Dickson v. Anderson*, 9 Mo. 156 ; *Lajoy v. Primm*, 3 Mo. 529 ; *Durett v. Briggs*, 47 Mo. 356 ; *Amy v. Ramey*, 4 Mo. 505 ; 1 Greenleaf on Evidence (13 Ed.) section 211. (2) Jasper N. Akers was estopped from denying the validity of the judgments against him before T. J. Dodd, J. P. (3) There was no fraud in the purchase of the land in controversy on the part of defendant, Hugh Akers. (4) If the deed from Jasper N. Akers to Hugh Akers is a mortgage, then the plaintiff cannot recover without repaying the amounts advanced by Hugh Akers to Jasper N. Akers, which the evidence shows to be the sum of $1,535.63.

BLACK, J.—This is an actiton in two counts. By the

first, the plaintiffs seek to set aside a certain deed as being fraudulent, and the second is in ejectment. The merits of the case depend upon the proper disposition of the equity branch, so that the other need not be considered. Jasper Akers, one of the defendants, owned two pieces of land, one is called the grocery property and the other the residence property. On the twentieth of November, 1875, by warranty deed he conveyed the grocery property to Hugh Akers for the expressed consideration of $1,500. This is the deed claimed to be fraudulent. Contemporaneous with this deed the parties stipulated in writing that the deed should stand as a mortgage to secure a debt of three hundred dollars due from Jasper to Hugh, which was also secured by a deed of trust on the residence property, and to secure the payment of any other sum of money that might thereafter become due from the former to the latter. It was also agreed that the grocery property should be sold first, if it became necessary to sell either parcel to pay these debts.

Plaintiffs purchased the grocery property at a sheriff's sale made in March, 1877, upon two small judgments against Jasper Akers, recovered before a justice of the peace, the transcript of one of which was filed in the circuit clerk's office on the twenty-eighth of December, 1876, and the other in February, 1877. The deed of trust, before mentioned, was dated in April, 1875. In July of that year Jasper Akers made another deed of trust on this residence property to secure a debt to Remulius. In October, 1876, this residence property was sold by Jasper Akers, and the prior debt of three hundred dollars, due to Hugh, was then paid.

The deed in question, by reason of the contemporaneous agreement, must be regarded and treated as a mortgage. Inasmuch as the three hundred dollars were paid, it can have no continued validity, unless other advances were made by Hugh and they still remain unpaid. The evidence shows that Jasper Akers was engaged in the saloon business, and at the time of the execution of

the deed in question, was embarrassed because of debts which he then owed. In his testimony, which was given in the interest of the plaintiffs, he states in substance that he owed Hugh nothing when the deed was made, and did not become indebted to him thereafter, and that this deed was made to keep his creditors from getting the property. He also claims that he and Hugh became partners in the saloon business; that certain judgments by him confessed in 1876, before a justice of the peace, were contrived to keep one Moore from seizing his personal property. The defendant, Hugh Akers, in substance, testified that Jasper owed him some four hundred dollars at the time the deed was made, in addition to the three hundred dollars, that he paid the state and county license for Jasper, and paid for him a number of accounts, a thousand dollars or more of which still remain unpaid to him. The confessed judgments before the justice of the peace, he says, were for these amounts, and he gives the amounts and persons to whom he made the payments. Jasper does not deny having owed these amounts, nor does he deny that Hugh paid them, though he says they were paid out of the partnership business. It appears that part of the grocery property was sold, and Jasper got some two hundred and sixty dollars of the proceeds. His statements on the witness stand are, to say the least, not satisfactory, and are at war with most of the written documents, and inconsistent with a letter written by him in 1878, in which he negatives the notion of any co-partnership, and asserts the then existing right of Hugh Akers to the property in question.

Without going into the testimony at any greater length, it is sufficient to say that the weight of the testimony supports the finding of the circuit court, and the judgment is affirmed. Henry, C. J., absent. The other judges concur.